# UNITED STATES DISTRICT COURT
# DISTRICT OF MARYLAND

CHAMBERS OF
**DEBORAH L. BOARDMAN**
UNITED STATES MAGISTRATE JUDGE

**101 WEST LOMBARD STREET**
**BALTIMORE, MARYLAND 21201**
**(410) 962-7810**
Fax: (410) 962-2577
MDD_DLBChambers@mdd.uscourts.gov

July 13, 2020

LETTER TO COUNSEL

      RE:    *Alnita M. v. Saul*
              Civil No. DLB-18-3485

Dear Counsel:

      Arjun K. Murahari, Esq. has filed a motion for attorney's fees pursuant to the Social Security Act ("Act"), 42 U.S.C. § 406(b), in conjunction with his representation of Plaintiff before the Court. ECF No. 21. In response, the Commissioner asked the Court to consider whether Mr. Murahari's requested amount constitutes a reasonable fee. ECF No. 22. No hearing is necessary. *See* Loc. R. 105.6 (D. Md. 2018). For the reasons set forth below, Mr. Murahari's motion for attorney's fees is GRANTED.

      On November 6, 2019, this Court awarded Mr. Murahari $3,452.68 for 16.75 hours worked on Plaintiff's case in federal court, pursuant to the Equal Access to Justice Act ("EAJA"), 28 U.S.C. § 2412. ECF Nos. 18-7, 20. Plaintiff subsequently received an Award Notice, in which she was awarded $58,758.00 in past due benefits. ECF No. 21-2 at 2. On May 22, 2020, Mr. Murahari filed a Line seeking $14,689.50 in attorney's fees (less $6,000 to be paid in administrative fees). ECF No. 21. Mr. Murahari has agreed to reimburse Plaintiff for EAJA fees previously received. *Id.*; *see Gisbrecht v. Barnhart*, 535 U.S. 789, 796 (2002); *Stephens ex rel. R.E. v. Astrue*, 565 F.3d 131, 135 (4th Cir. 2009).

      The Act authorizes a reasonable fee for successful representation before this Court, not to exceed twenty-five percent of a claimant's total past-due benefits. 42 U.S.C. § 406(b). Although contingent fee agreements are the "primary means by which fees are set" in Social Security cases, a court must nevertheless perform an "independent check, to assure that they yield reasonable results in particular cases." *Gisbrecht*, 535 U.S. at 807. In determining whether a request for attorney's fees under section 406(b) is reasonable, the Supreme Court has explained that a reviewing court may properly consider the "character of the representation and the results the representative achieved." *Id.* at 808. The Supreme Court acknowledged that a contingent fee agreement would not result in a reasonable fee if the fee constituted a "windfall" to the attorney. *Id.* (quoting *Rodriquez v. Bowen*, 865 F.2d 739, 746-47 (6th Cir. 1989)). Courts may require the attorney to provide a record of hours spent working on the case and the attorney's typical hourly billing charge. *Id.*

*Alnita M. v. Saul*
Civil No. DLB-18-3485
July 13, 2020
Page 2

Here, Mr. Murahari and Plaintiff entered into a contingent fee agreement, by which Plaintiff agreed to pay Mr. Murahari twenty-five percent of all retroactive benefits to which she might become entitled. ECF No. 18-5. In his previous motion for attorney's fees pursuant to the EAJA, Mr. Murahari submitted an itemized report documenting 16.75 chargeable hours he worked on Plaintiff's case in this court. *See* ECF No. 18-7 (listing a total of 18.35 hours, 1.60 of which were spent on clerical and administrative tasks marked "NO CHARGE"). If Mr. Murahari receives the full amount of fees he requests, his fee for representation will effectively be $518.78 per hour. Mr. Murahari must therefore show that an effective rate of $518.78 per hour is reasonable for the services he rendered. *See Gisbrecht*, 535 U.S. at 807.

Mr. Murahari's typical hourly billing rate is $350.00. ECF No. 25-6 ¶ 6. This is the top hourly rate that is presumptively reasonable for attorneys of his experience level pursuant to the fee guidelines appended to the Local Rules of this Court.[1] Courts in the Fourth Circuit have approved contingency fee agreements that produce much higher hourly rates in successful Social Security appeals. *See, e.g.*, *Melvin v. Colvin*, No. 5:10-CV-160-FL, 2013 WL 3340490 (E.D.N.C. July 2, 2013) (approving contingency fee agreement with hourly rate of $1,043.92); *Claypool v. Barnhart*, 294 F. Supp. 2d 829, 833 (S.D. W. Va. 2003) (approving contingency fee agreement with hourly rate of $1,433.12); *Lehman v. Comm'r, Soc. Sec. Admin.*, Civil No. SAG-10-2160 (D. Md. July 7, 2016) (unpublished) (approving contingency fee agreement with hourly rate of $1,028.14). This Court has routinely approved a higher hourly rate for Mr. Murahari. *See Janette G. v. Comm'r, Soc. Sec. Admin.*, No. DLB-18-757 (D. Md. Feb. 5, 2020); *Arvie W. v. Comm'r, Soc. Sec. Admin.*, No. SAG-17-1148 (D. Md. Aug. 22, 2019); *Barbara F. v. Comm'r, Soc. Sec. Admin.*, No. SAG-17-2090 (D. Md. July 25, 2019). Thus, the requested fee in this case is reasonable and should be approved.

For the reasons set forth herein, this Court GRANTS Mr. Murahari's motion seeking attorney's fees, ECF No. 21. This Court will award Mr. Murahari attorney's fees totaling $14,689.50.

Despite the informal nature of this letter, it should be flagged as an opinion. An implementing order follows.

Sincerely yours,

/s/

Deborah L. Boardman
United States Magistrate Judge

---

[1] Although they do not govern Social Security cases, the Local Rules prescribe guidelines for determining attorney's fees in certain cases, which are instructive in evaluating the reasonableness of the effective hourly rate in this case. *See* Loc. R. App'x B (D. Md. 2018). Currently, Mr. Murahari has nine years of experience. ECF No. 18-6. The presumptively reasonable hourly rate for attorneys admitted to the bar for nine to fourteen years is $225.00 and $350.00. Loc. R. App'x B.